RENDERED:  MAY 15, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0622-MR


LAURA NELSON; JOHN NELSON;
AND LILLIAN LISA MICHELLE
NELSON HILES                                                      APPELLANTS


APPEAL FROM PENDLETON CIRCUIT COURT
v.              HONORABLE JAY DELANEY, JUDGE
ACTION NO. 22-CI-00023


KAREN LEE NELSON,
PERSONALLY AND AS EXECUTRIX
OF THE ESTATE OF JEROLD
CHARLES NELSON                                                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, L. JONES, AND TAYLOR, JUDGES.

JONES, L., JUDGE:  Laura Nelson (Laura), John Nelson (John), and Lillian Lisa

Michelle Nelson Hiles (Lisa) bring this appeal from a March 5, 2024 Order of the

Pendleton Circuit Court granting summary judgment in favor of Karen Lee Nelson, Personally and as Executrix of the Estate of Jerold Charles Nelson. We affirm.

Jerold Charles Nelson (Jerold) died testate on October 22, 2021, at the age of seventy-nine. At the time of Jerold's death, he was married to Karen Lee Nelson. In addition to his wife, Jerold was survived by his three adult children from a previous marriage: Laura, John, and Lisa. On November 2, 2021, a petition to probate Jerold's will was filed in Pendleton District Court, Probate Division, Case No. 21-P-00126. Jerold's wife, Karen, was named the Executrix of the will that was executed on June 10, 2016 (2016 Will).

Then, on February 22, 2022, counsel for Laura and John filed a petition contesting the probate of the 2016 Will in the Pendleton Circuit Court. Laura and John named Karen Lee Nelson, Personally and as Executrix of the Estate of Jerold Charles Nelson (collectively referred to as Karen) and Lisa as Respondents. The crux of Laura and John's challenge to the probate of the 2016 Will was their belief that Jerold lacked the testamentary capacity to execute same. In support thereof, Laura and John alleged that two days before the 2016 Will was executed Jerold had been assaulted and suffered a concussion resulting in Jerold lacking the capacity to execute the will. Laura and John further asserted that Jerold was in the emergency room ten days after he executed the 2016 Will and complained of an "ongoing headache from the assault with significant facial

-2-

trauma and was diagnosed with a closed head injury-post concussive syndrome."
February 22, 2022 Petition at 3; Trial Record (R.) at 3.

On January 30, 2024, Karen filed a Motion for Summary Judgment.
Laura filed a *pro se* response to the Motion for Summary Judgment and Karen
filed a reply. By Order entered March 5, 2024, the circuit court granted Karen's
Motion for Summary Judgment. Laura and John then filed a Motion for
Reconsideration, which the circuit court denied by order entered April 6, 2024.
This appeal follows.

Appellants contend the circuit court abused its discretion by granting
summary judgment in favor of Karen as there exists genuine issues of material fact
surrounding whether Jerold possessed the testamentary capacity to execute the
2016 Will. Appellants also claim summary judgment was prematurely granted as
they were not provided the opportunity to complete discovery. Likewise,
Appellants assert they should have been granted an evidentiary hearing on Jerold's
testamentary capacity as he had suffered a concussion two days before executing
the 2016 Will.

The law on testamentary capacity is well settled in Kentucky and was
aptly stated in *Getty v. Getty*, 581 S.W.3d 548 (Ky. 2019) as follows:

> In Kentucky there is a strong presumption in favor of a
> testator possessing adequate testamentary capacity. This
> presumption can only be rebutted by the strongest

showing of incapacity. Testamentary capacity is only relevant at the time of execution of a will. . . .

"Kentucky is committed to the doctrine of testatorial absolutism." The practical effect of this doctrine is that the privilege of the citizens of the Commonwealth to draft wills to dispose of their property is zealously guarded by the courts and will not be disturbed based on remote or speculative evidence. The degree of mental capacity required to make a will is minimal. The minimum level of mental capacity required to make a will is less than that necessary to make a deed or a contract.

*Id.* at 554 (quoting *Bye v. Mattingly*, 975 S.W.2d 451, 455 (Ky. 1998)).

Summary judgment is appropriately granted where there are no genuine issue of material fact and movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991); CR[1] 56.03. The trial court must view the evidence in the light most favorable to the nonmoving party. *Id.* at 482. Particularly relevant to this appeal, a properly supported motion for summary judgment will not be defeated unless the nonmoving party is able to present some affirmative evidence that there is a genuine issue of material fact. *Id.* Our appellate review will proceed *de novo*.

In her Motion for Summary Judgment, Karen asserted that "[s]ummary judgment [could not] be avoided solely on the basis that a party hopes to obtain evidence in the future that will create a genuine issue of material fact."

---

[1] Kentucky Rules of Civil Procedure.

R. at 381. Karen pointed out that (1) Laura and John had two years to obtain discovery and had failed to do so; (2) Laura and John had taken Karen's deposition and propounded interrogatories which Karen answered; (3) Laura had refused to answer Karen's discovery requests; and (4) Laura had failed to produce any evidence to support the claim that Jerold lacked testamentary capacity.

Laura filed a *pro se* response to the Motion for Summary Judgment wherein she discussed topics that were frankly irrelevant to Jerold's lack of testamentary capacity. In fact, Laura failed to produce any affirmative evidence that Jerold lacked the requisite testamentary capacity. Laura neglected to provide the court with any documents, reports, witness lists, or exhibits to substantiate her claim that Jerold lacked the testamentary capacity necessary to execute the 2016 Will. When John's deposition was taken, he testified that he had no proof his father lacked testamentary capacity when the 2016 Will was executed. And when Laura's deposition was taken, she refused to answer simple yes or no questions and became argumentative with opposing counsel. As Laura failed to present any affirmative evidence of a material issue of fact regarding Jerold's testamentary capacity to execute the 2016 Will, the circuit court properly granted summary judgment in favor of Karen.

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, we affirm the March 5, 2024 Order of the Pendleton Circuit Court granting summary judgment in favor of Karen Lee Nelson, Personally and as Executrix of the Estate of Jerold Charles Nelson.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Carl E. Knochelmann, Jr.
Covington, Kentucky

BRIEF FOR APPELLEE:

Louise M. Brown
Foster, Kentucky